UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| CLIFFORD SOMERVILLE, ) | Case No. 1:09-cv-00185 |
| Plaintiff, ) | JUDGE ANN ALDRICH |
| v. ) | |
| SPS TECHNOLOGIES, LLC, et al., ) | MEMORANDUM AND ORDER |
| Defendants. ) | |

Before the court is plaintiff Clifford Somerville's ("Somerville") motion to remand to the Cuyahoga County, Ohio Court of Common Pleas. [Doc. No. 6]. For the following reasons, the court grants Somerville's motion to remand.

**I. BACKGROUND**

Somerville filed his complaint in the Cuyahoga County, Ohio Court of Common Pleas on December 18, 2008, alleging age discrimination and retaliation in violation of Ohio Rev. Code § 4112.02. [Doc. No. 1]. On January 26, 2009, the defendants filed a notice of removal to this court, asserting this court's diversity jurisdiction. [Doc. No. 15].

Somerville is a citizen of the State of Ohio. Defendant SPS Technologies, LLC ("SPS Technologies") is a Pennsylvania limited liability company with its principal place of business in Pennsylvania. Three other defendants are citizens of Oregon, Michigan, and Pennsylvania. Defendant Archie Green ("Green") is a citizen of Ohio. The defendants' notice of removal claims that "Green is a fraudulently joined party whose Ohio citizenship must be disregarded for purposes of determining the Court's diversity jurisdiction." The amount in controversy appears to exceed $75,000.

On February 24, 2009, Somerville filed a motion to remand this case to state court on the grounds that Green was not fraudulently joined and, therefore, that diversity jurisdiction does not exist. [Doc. No. 6]. On March 10, 2009, the defendants filed their response [Doc. No. 12], and Somerville filed a reply on March 17, 2009 [Doc. No. 15].

## II. DISCUSSION

Any civil action brought in state court may be removed from the state court to a federal district court where the latter would have had original jurisdiction. 28 U.S.C. § 1441. Diversity of citizenship is one source of original jurisdiction where "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. American Tobacco Co.*, 183 F. 3d 488, 492 (6th Cir. 1999). When an action is removed based on diversity, as it is in this case, the court must first determine whether complete diversity exists at the time of removal.[1] *Id.*

Fraudulent joinder is an exception to the complete diversity rule. A defendant is fraudulently joined if a colorable cause of action does not exist against non-diverse defendants under state law. *Id.* To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against the non-diverse defendants under state law." *Id*. at 493. "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the court] must remand the action to state court." *Id.* The question before the court is not whether Somerville will prevail at trial, only whether viewing all facts or ambiguities in favor of the non-removing party, he has a colorable cause of action against Green in state court.

The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. Furthermore, all doubts as to the propriety of removal are resolved in favor of remand. *Id.* "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given [a motion to dismiss] under Rule 12(b)(6)." *Little v.*

---

[1] This court's diversity jurisdiction is the only possible source of jurisdiction in this case.

-2-

*Purdue Pharma, L.P.*, 227 F.Supp.2d 838, 846 (S.D. Ohio 2002). A plaintiff's motive in joining non-diverse defendants is immaterial to determining whether joinder was fraudulent. *Jerome-Duncan, Inc. V. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). The party "seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." *Coyne*, 183 F. 3d at 493.

Somerville's complaint is based on Ohio state law, and the court looks to the law of that state to determine whether Green was fraudulently joined. *See Jerome-Duncan*, 176 F.3d at 907. Somerville asserts claims of age discrimination and retaliation against the defendants generally, including Green.

A claim of age discrimination pursuant to Ohio Rev. Code § 4112.02(N) is established by proof of the following elements: "(1) that he or she was a member of the statutorily protected class; (2) that he or she was discharged; (3) that he or she was qualified for the position; and (4) that he or she was replaced by, or his or her discharge permitted the retention of, a person not belonging to the protected class." *Bellian v. Bicron Corp.*, 634 N.E.2d 608, 611 (Ohio 1994). In addition, Ohio Rev. Code § 4112.02(I) bars discrimination against any person who opposes unlawful practices under § 4112.

As alleged in the complaint, Somerville is older than forty years of age. On April 2, 2007, he began his employment at SPS Technologies. On July 3, 2008, Somerville was put on a Performance Improvement Plan ("PIP"). On August 8, 2008, Somerville was terminated from his employment at SPS Technologies.

According to Somerville, Green was involved with each of these events. Although he is now the Director of Organizational Development, Green was once a Human Resources Director at SPS Technologies and hired Somerville to be the Group Director of Business Development. Every other week Somerville and Green participated in Global Staffing Calls, which covered topics such as the potential hiring, firing, and laying off employees. Somerville alleges that these conversations related to employees at all levels of employment within SPS Technologies. E-mail communications provided by Somerville suggest that Green participated in these conference calls in a human resources role

through August 13, 2008. [Doc. No. 15-2]. Somerville claims that he communicated his concerns about being placed on a PIP to Green via telephone and e-mail and that Green never informed him in these communications that he did not act in a human resources capacity. Somerville asserts in his complaint that the defendants, including Green, discriminated against him on the basis of age when they placed him on a PIP. Somerville also claims that, on August 7, 2008, Somerville notified the defendants in writing of their unlawful discriminatory conduct. According to Somerville, the defendants retaliated against him because of his complaints by terminating his employment on August 8, 2008. Somerville claims that Green later told him that he knew that Somerville was going to be terminated.

According to defendant Green, he did not supervise Somerville at any time during his employment with SPS Technologies and he did not make the decision regarding Somerville's termination. Defendant Green asserts that his involvement in the Global Staffing Calls ended in December 2007, when he became the Director of Organizational Development, and that the calls only involved employees at the facility level, which did not include Somerville. Green claims that the e-mails with his name and human resources responsibilities were automatically generated and did not reflect his change in title and responsibilities. Moreover, when Somerville attempted to discuss his concern regarding his placement on a PIP, Green claims that he informed Somerville that he was no longer employed in a human resources capacity and directed Somerville to the correct authority.

The filings submitted by both parties suggest that Somerville and Green's allegations amount to a "he said, she said" situation. Accordingly, the court finds that Somerville has made a colorable claim of age discrimination against Green.

At this stage of the litigation, the court cannot find with any degree of certainty that Somerville has failed to state a colorable cause of action against Green. Removal statutes are strictly interpreted and any doubts are construed against removal. This is not to say that Somerville will recover against Green, only that he could recover after discovery and the relevant facts are brought to light.

-4-

**III. CONCLUSION**

For the reasons stated above, the motion to remand [Doc. No. 6] is granted. A certified copy of this Order of Remand shall be mailed by the Clerk of the United States District Court for the Northern District of Ohio to the Clerk of the Cuyahoga Count Court of Common Pleas. This order is final but not appealable.

IT IS SO ORDERED.

>    */s/ Ann Aldrich*
>    ANN ALDRICH
>    UNITED STATES DISTRICT JUDGE

**Dated: April 3, 2009**